UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAHNELL PARKINSON,

                              Plaintiff,

v.                                                        1:22-cv-0070 (BKS/CFH)

THE TOWN OF NISKAYUNA POLICE DEPARTMENT,
DETECTIVE PAUL HOBSON, PATROLMAN
JACKSON ARCHAMBAULT, DETECTIVE MARK
FLORELL, SERGEANT FRANCIS WALL, THE CITY
OF SCHENECTADY POLICE DEPARTMENT,
OFFICER ERIC REYELL, DETECTIVE BRIAN
KIETLINSKI, THE TOWN OF ROTTERDAM POLICE
DEPARTMENT, DETECTIVE CONNOR LEE, AND
OFFICER SEAN SIMMONS,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Jahnell Parkinson
Schenectady, New York 12303

*For Defendants Town of Niskayuna Police Department, Paul Hobson, Jackson Archambault, Mark Florell, and Francis Wall*
Ryan E. Manley
Conway, Donovan & Manley PLLC
50 State Street, 2nd Floor
Albany, New York 12207

*For Defendants City of Schenectady Police Department and Brandan Kietlinski*
Hannah H. Hage
Johnson & Laws LLC
646 Plank Road, Suite 205
Clifton Park, New York 12065

*For Defendants Town of Rotterdam Police Department, Connor Lee, and Sean Simmons*
Ryan P. Bailey
Bailey, Johnson & Peck, P.C.
5 Pine West Plaza, Suite 507
Washington Avenue Extension
Albany, New York 12205

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiff pro se Jahnell Parkinson brings this action against eleven defendants: (1) the Town of Niskayuna Police Department; (2) Paul Hobson; (3) Jackson Archambault; (4) Mark Florell; (5) Francis Wall; (6) the City of Schenectady Police Department; (7) Eric Reyell;[1] (8) Brian Kietlinski;[2] (9) the Town of Rotterdam Police Department; (10) Connor Lee; and (11) Sean Simmons. (Dkt. No. 1, ¶¶ 10–21.) Plaintiff asserts claims under 42 U.S.C § 1983 for (1) denial of access to the courts; (2) deprivation of property without due process of law; (3) denial of due process and equal protection of the law; (4) municipal liability for deliberate indifference; and (5) conspiracy. (*Id.* ¶¶ 50–78.) Plaintiff seeks compensatory damages of $500,000; punitive damages of $500,000; and injunctive relief, including a temporary restraining order. (*Id.* at 8.) Presently before the Court are: (1) Defendants City of Schenectady Police Department and Brandan Kietlinski's ("Schenectady Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. No. 8); (2) Defendants Town of Rotterdam Police Department, Connor Lee, and Sean Simmons's ("Rotterdam Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. No. 22); and (3) Defendants Town of Niskayuna

---

[1] Plaintiff has failed to file a proof of service on Defendant Eric Reyell who, according to Defendants City of Schenectady Police Department and Brandan Kietlinski, resigned from the Schenectady Police Department in 2015, well before the events alleged in the complaint. (Dkt. No. 8-1, at 5 n.1.) The Court notes that the only allegation of specific conduct by Defendant Reyell is that he and Defendant Simmons pulled Plaintiff's vehicle over, (Dkt. No. 1, ¶ 32.), but Plaintiff includes no explanation for why an officer of the Schenectady Police Department would be conducting traffic stops with an officer of the Rotterdam Police Department in the Town of Rotterdam. (*Id.*) Indeed, in the same paragraph, Plaintiff states that Defendant Lee, of the Rotterdam Police Department, approached the Plaintiff despite not alleging that Defendant Lee was one of the Defendants that pulled Plaintiff's vehicle over. (*Id.*) In any case, the Court dismisses all of Plaintiff's claims, so this confusion is of no matter to the instant decision. If, however, Plaintiff amends the complaint, he should carefully consider which Defendants to include.

[2] Plaintiff incorrectly refers to Defendant Brandan Kietlinski as Brian Kietlinksi. (Dkt. No. 8-1, at 5.)

Police Department, Paul Hobson, Jackson Archambault, Mark Florell, and Francis Wall's ("Niskayuna Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. No. 25). Plaintiff opposes each of these motions. (Dkt. Nos. 19, 28.) Rotterdam Defendants filed a reply in further support of their motion. (Dkt. No. 29.) For the following reasons, the Court grants all of the motions to dismiss without prejudice.

## II.   FACTS[3]

Plaintiff alleges that on March 14, 2019, two individuals, whom Plaintiff names in the complaint, burglarized Plaintiff's residence in the Town of Niskayuna. (Dkt. No. 1, ¶ 22.) Plaintiff reported the incident to Niskayuna Defendants and Defendants Hobson, Archambault, Florell, and Wall came to Plaintiff's residence to investigate. (*Id.* ¶¶ 23–24.) During the investigation, these Defendants spoke to Plaintiff's neighbor, "who reported seeing the two culprits entering and exiting [Plaintiff's] residence shortly afterwards." (*Id.* ¶ 24.) Plaintiff showed his neighbor a Facebook photograph of the alleged burglars and the neighbor identified them by name. (*Id.* ¶ 25.) Defendant Florell told Plaintiff that he had interviewed Plaintiff's neighbor at "the precinct" and that the neighbor was unable to identify the alleged burglars, but Plaintiff's neighbor told Plaintiff that he was "never brought to the station to ID anyone." (*Id.* ¶¶ 26–27.) Plaintiff asked Defendant Florell why he told Plaintiff that Plaintiff's neighbor had been brought down to identify suspects when that had not actually occurred, and Defendant Florell responded: "[D]on't tell me how to do my job!" (*Id.* ¶ 28.) Plaintiff continued to call Niskayuna Defendants during the subsequent three months without response, except for a call from Defendant Florell "inquiring about [Plaintiff's] business, [Plaintiff's] bank accounts[,] and other

---

[3] These facts are drawn from the complaint. (Dkt. No. 1.) The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *See Lynch v. City of N.Y.*, 952 F.3d 67, 74–75 (2d Cir. 2020).

3

financial questions concerning [Plaintiff's] assets." (*Id.* ¶¶ 29–30.) Plaintiff later learned that one of the alleged burglars is the cousin of a New York State Trooper and that all of the Defendants and the alleged burglars "grew up together and are all friends on Facebook." (*Id.* ¶ 31.)

On or about May 23, 2019, Plaintiff alleges he was pulled over in his vehicle by Defendants Reyell[4] and Simmons in the Town of Rotterdam, "taken out of his vehicle, handcuffed, searched[,] and placed in the back of an unmarked vehicle." (*Id.* ¶ 32.) Afterward, Defendant Lee said to Plaintiff: "[Y]ou messed up . . . . [Y]ou shouldn't have never tried to get a relative of a police officer arrested!" (*Id.*) Plaintiff was taken to "the stationhouse" by a different car where Defendant Simmons conducted a strip search and an inventory search. (*Id.* ¶ 33.) While there, Defendant Simmons told Plaintiff that officers were at his residence with a search warrant, and Plaintiff gave Defendant Simmons the combination code to access the residence before learning that there was no search warrant. *(Id.* ¶¶ 33–34.)

Next, all Defendants, allegedly "acting in concert," seized property from Plaintiff's residence, including money, iPhones, watches, and cars. (*Id.* ¶ 35.) Plaintiff was subsequently arrested on and convicted of drug charges, "his property was confiscated[,] and his bank accounts were frozen." (*Id.* ¶¶ 36–37.) However, a judge ordered that Plaintiff's bank accounts be released and that one of his cars be returned. (*Id.* ¶ 37.)

While incarcerated, Plaintiff filed a complaint with Schenectady Defendants, stating that the stepdaughter of a New York State Trooper, whom Plaintiff names in the complaint, broke into his residence and "stole jewelry, clothes and other property[,] . . . money from his bank account," and the car that a judge had previously ordered be returned. (*Id.* ¶¶ 38, 42.) Defendant Kietlinksi mailed Plaintiff an affidavit complaint form to fill out to report the stolen vehicle. (*Id.*

---

[4] *See supra* n.1.

¶ 39.) Plaintiff completed the affidavit complaint form and included the name of the alleged burglar. (*Id.* ¶ 40.) Plaintiff did not hear back from Schenectady Defendants "for several months" and alleges that they did not investigate the individual he named in his affidavit complaint. (*Id.* ¶¶ 41–42.) Plaintiff eventually called Defendant Kietlinski, who informed Plaintiff that his car was "abandoned on the side of the road somewhere" and that Plaintiff needed to be present to pursue charges against the responsible person. (*Id.* ¶¶ 43.) The vehicle remained abandoned until it was towed to a garage, where it accumulated towing and storage fees and was ultimately repossessed by "the bank." (*Id.* ¶ 44.) No one was arrested or charged in relation to the stolen car. (*Id.* ¶ 45.) Nor was anyone arrested or charged in relation to the second burglary of Plaintiff's residence. (*Id.* ¶ 46.)

## III.   STANDARD OF REVIEW

### A.   Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of N.Y.*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the

5

Case 1:22-cv-00070-BKS-CFH   Document 31   Filed 01/09/23   Page 6 of 17

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint of a plaintiff proceeding pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

## IV.   ANALYSIS

As an initial matter, the Court addresses Niskayuna Defendants' contention that the complaint violates Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 25-1, at 10.) Rule 8 requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement forces a plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Niskayuna Defendants suggest that Plaintiff's numbering scheme to identify the Defendants does not adequately put Defendants on notice of the claims against them. (Dkt. No. 25-1, at 10–11). While neither Schenectady Defendants nor Rotterdam Defendants contend that Plaintiff has violated Rule 8, each expresses confusion at the numbering scheme. (Dkt. No. 8-1, at 5; Dkt. No. 22-1, at 5.) The Court agrees that Plaintiff's method of referring to Defendants is confusing and notes that a clearer identification of which numbered Defendant is associated with which named Defendant would have aided the Court and the parties. For instance, Plaintiff could have included the number associated with a specific Defendant in the paragraph identifying and describing that Defendant under the "Parties" heading or, better yet, used each Defendant's name throughout the complaint. In any case, construing the complaint liberally with special solicitude in light of Plaintiff's pro se status, *see Hogan*, 738 F.3d at 515, the Court concludes that the number of each

Defendant correlates chronologically with the list of Defendants included in the case caption.[5] Thus, the Court will not dismiss the complaint for failure to adhere to Rule 8.

Next, Niskayuna Defendants suggest that the Town of Niskayuna Police Department is not a proper party to be sued as it is not a legally separate entity from the Town of Niskayuna. (Dkt. No. 25-1, at 11.) This contention is correct and applies also to the City of Schenectady Police Department and the Town of Rotterdam Police Department. *See Watkins v. Town of Webster*, 592 F. Supp. 3d 96, 112 (W.D.N.Y. 2022); *see also Loria v. Town of Irondequoit*, 775 F. Supp. 599, 606 (W.D.N.Y. 1990) ("Pursuant to Fed. R. Civ. P. 17, New York law governs the capacity of the police department to sue or be sued. In New York, departments like the defendant, which are merely administrative arms of a municipal corporation, do not have a legal identity separate and apart from the town."). Accordingly, the proper municipal parties to be sued for the claims raised by Plaintiff are the Town of Niskayuna, the City of Schenectady, and the Town of Rotterdam. *See Watkins*, 592 F. Supp. 3d at 112. In light of Plaintiff's pro se status, *see Hogan*, 738 F.3d at 515, the Court will consider the merits of each of Plaintiff's claims but notes that if Plaintiff amends his complaint, the proper parties should be included.

Finally, Plaintiff's claims that Defendants' motions are untimely and that Defendants are in default for failing to answer the complaint, (Dkt. No. 19, at 1; Dkt. No. 28, at 1–2), are without merit. Plaintiff did not file proofs of service but suggests that the summons and complaint were served on Defendants between February 22, 2022, and March 25, 2022. (Dkt. No. 19, at 1.) A defendant must serve a responsive pleading within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). If a defendant files a

---

[5] Each set of Defendants apparently reached the same conclusion. (Dkt. No. 8-1, at 5; Dkt. No. 22-1, at 5; Dkt. No. 25-1, at 16, 17.)

motion under Rule 12, the defendant must serve a responsive pleading within fourteen days after the court disposes of the motion. Fed. R. Civ. P. 12(a)(4)(A). Here, Schenectady Defendants filed their motion to dismiss on March 16, 2022. (Dkt. No. 8.) Thus, based on Plaintiff's earliest date of service, this motion is timely. The Court granted Rotterdam Defendants an extension of time to respond to May 25, 2022, (Dkt. Nos. 12, 16), and Rotterdam Defendants filed their motion on May 25, 2022, (Dkt. No. 22.) Therefore, Rotterdam Defendants' motion is timely. The Court similarly granted Niskayuna Defendants an extension of time to respond to thirty days after Defendant Hobson was served, (Dkt. No. 18), and Plaintiff did not provide proof of service for Defendant Hobson. Therefore, the Court accepts Niskayuna Defendants motion as timely. These motions delay Defendants' deadline to answer the complaint until fourteen days after the Court disposes of the motions. Fed. R. Civ. P. 12(a)(4)(A).[6]

### A. Denial of Access to the Courts

Plaintiff alleges that Niskayuna Defendants and Schenectady Defendants violated his constitutional right to access the courts by failing to adequately investigate the burglaries of Plaintiff's residence and the theft of Plaintiff's vehicle. (Dkt. No. 1, ¶¶ 50–54.) Niskayuna Defendants contend that Plaintiff fails to establish that the alleged failure of Niskayuna Defendants and Schenectady Defendants to investigate frustrated Plaintiff's ability to pursue a legal claim since Plaintiff knew the identities of those allegedly responsible for the burglary and vehicle theft and that Plaintiff was therefore capable of bringing a civil claim against those individuals. (Dkt. No. 25-1, at 10–11.)

---

[6] Plaintiff's assertion that Defendants failed to include sworn affidavits, (Dkt. No. 19, at 1; Dkt. No. 28, at 2) is not relevant. Sworn affidavits are not required for motions to dismiss under Rule 12(b)(6). *See* L.R. 7.1(b)(2)(A).

It is well-settled that individuals have a right to access the courts, although this right "has been variously located in the First Amendment right to petition for redress [of grievances], the Privileges and Immunities Clause of Article IV, section 2, and the Due Process Clauses of the Fifth and Fourteenth Amendments." *Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997). But the right to access the courts "is not 'an abstract, freestanding right . . .' and cannot ground a Section 1983 claim without a showing of 'actual injury.'" *Collins v. Goord*, 438 F. Supp. 2d 399, 415 (S.D.N.Y. 2006) (quoting *Lewis v. Casey,* 518 U.S. 343, 351 (1996)). To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating both that (1) the defendant acted deliberately and maliciously and (2) the plaintiff suffered an actual injury. *Lewis*, 518 U.S. at 353. A plaintiff must demonstrate "actual injury" by establishing that the denial of access to the courts "hindered his efforts" to pursue a non-frivolous legal claim. *See id.* at 349, 351–53. "Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citing *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995)).

The Supreme Court has further stated that in order to adequately allege a denial of access to the courts claim, "the underlying cause of action, whether anticipated or lost, . . . must be described in the complaint." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Supreme Court instructed that the underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. at 415–16. "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like

9

plain statement should describe any remedy available under the access claim and presently unique to it." *Id*. at 417–18 (footnote omitted).

Here, Plaintiff alleges that two individuals, whom Plaintiff names in the complaint, burglarized his residence and that another individual, whom Plaintiff also names in the complaint, later broke into his residence and "stole jewelry, clothes[,] . . . other property[,] . . . money from his bank account[,] . . ." and his car. (Dkt. No. 1, ¶¶ 22, 38, 40, 42.) Despite reporting the first incident to Niskayuna Defendants and the second incident to Schenectady Defendants, (*id.* ¶¶ 23, 38), Plaintiff alleges that Niskayuna Defendants and Schenectady Defendants failed to "enforce the law on the behalf of the plaintiff who filed criminal charges against persons that committed crimes against him . . . [and] [a]s a result, the plaintiff was deprived of his constitutional right to access the courts," (*id.* ¶¶ 51, 54). But Plaintiff fails to provide any information in the complaint about the basis of any court action or proceeding that was actually frustrated as a result of the alleged failure to investigate. *See Christopher*, 536 U.S. at 416 ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant.") (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–515 (2002)). And as Niskayuna Defendants note, the Plaintiff knows the identities of the alleged burglars and vehicle thief, (Dkt. No. 1, ¶¶ 22, 25, 40, 42), and could therefore bring a civil claim against these individuals, *see Oliva v. Town of Greece*, 630 F. App'x 43, 45–46 (2d Cir. 2015). Thus, Plaintiff has failed to demonstrate any actual injury because he has failed to establish that any alleged denial of access to the courts hindered his efforts to pursue a non-frivolous legal claim. *See Lewis*, 518 U.S. at 349, 351–53, 360 n.7 ("Courts have no power to presume and remediate harm that has not been established."); *Arce v. Walker*, 58 F. Supp. 2d 39 (W.D.N.Y. 1999) (holding

that a "conclusory assertion that [the plaintiff] suffered prejudice does not suffice to support an access to courts claim"). Accordingly, Plaintiff's denial of access to the courts claim is dismissed.[7]

### B. Deprivation of Property Without Due Process of Law

Plaintiff alleges that Defendants City of Schenectady Police Department and Brandan Kietlinski and Rotterdam Defendants deprived him of property without due process of law. (Dkt. No. 1, ¶¶ 55–62.) Namely, Plaintiff claims that these Defendants seized, "from his person and residence, . . . currency, jewelry, and his vehicles without a warrant or due process of law" when Plaintiff "was arrested without an arrest warrant on drug charges" for which Plaintiff was later convicted. (Dkt. No. 1, ¶¶ 37, 56.) Rotterdam Defendants argue that Plaintiff fails to adequately allege that the warrantless search of Plaintiff and seizure of his property during the May 2019 vehicle stop and arrest ran afoul of the Fourth Amendment and that Plaintiff has failed to avail himself of the post-deprivation remedies necessary to bring a § 1983 due process claim. (Dkt. No. 22-1, at 7–8.) Niskayuna Defendants, against whom Plaintiff has not raised this claim, similarly argue that Plaintiff has not alleged the absence or inadequacy of any post-deprivation hearing or that the search of and seizure of property from Plaintiff's residence after his arrest violated the Fourth Amendment. (Dkt. No. 25-1, at 17–18.)

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Fourteenth Amendment's Due Process Clause contains both a procedural component and a substantive component. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The procedural component applies

---

[7] To the extent Plaintiff's claim is based upon the Defendants' alleged failure to investigate, it is dismissed for the reasons set forth in Section IV.C.

11

where there is an alleged deprivation by government action of a constitutionally protected interest without sufficient procedural safeguards, such as notice and a hearing. *Id.*

Review of a procedural due process question involves a two-step inquiry: the Court "must determine (1) whether [the plaintiff] possessed a liberty or property interest and, if so, (2) what process [the plaintiff] was due before [the plaintiff] could be deprived of that interest." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002). It is well-settled that, "in certain circumstances, . . . [a deprivation of property] will not offend the constitutional guarantee of due process[] provided there is sufficient post[-]deprivation process." *Catanzaro v. Weiden*, 188 F.3d 56, 61 (2d Cir. 1999) (citing *Parratt v. Taylor*, 451 U.S. 527, 538 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)). Where a state provides a post-deprivation remedy for the unauthorized deprivation of property, such a remedy constitutes due process and no due process violation can arise. *See Parratt*, 451 U.S. at 538. Therefore, where a sufficient state remedy for recovery of property exists, an individual whose property has been taken has not been deprived of constitutional rights. *See id.* at 543–44. This principle is true even where an official acting on behalf of the state intentionally deprives an individual of his or her property without authorization. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Alexandre v. Cortes*, 140 F.3d 406, 411 (2d Cir. 1998); *see also Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996) ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful post[-]deprivation remedy.") (citing *Hudson*, 468 U.S. at 531, 533).

New York State's remedy for the recovery of property taken during a police search is an Article 78 proceeding, through which an individual can appeal the action of a state official or

agency. *See* N.Y. C.P.L.R. § 7801; *Hourihan v. Lafferty*, 58 F. Supp. 2d 10, 15 (N.D.N.Y. 1999); *see also Camacho v. Kelly*, 870 N.Y.S.2d 243, 245 (N.Y. App. Div. 2008); *Moss v. Spitzer*, 798 N.Y.S.2d 482, 483 (N.Y. App. Div. 2005); *Greene v. Kingston Police Dep't*, 868 N.Y.S.2d 519, 520 (N.Y. Sup. Ct. 2008).

Here, Plaintiff fails to allege that he has initiated an Article 78 proceeding or has otherwise availed himself of any post-deprivation procedure. Accordingly, his deprivation of property without due process of law claim is dismissed.[8]

### C. Denial of Due Process and Equal Protection of the Law

Plaintiff alleges that all Defendants are liable for denying Plaintiff's right to due process and equal protection of the law because the alleged third-party wrongdoers "were never brought in and charged with any crimes, even though they were identified by both plaintiffs and his neighbor." (Dkt. No. 1, ¶ 66.) This is because, Plaintiff alleges, Defendants "failed to process the necessary paperwork and falsified[] [and] fabricate[d] the police paperwork to close the investigation" of the alleged wrongdoing "to frustrate the plaintiff[']s efforts to recover or regain his property" and "[t]he investigation was staged[] [and] was not thorough, witnesses [were] not interviewed, [and] evidence was not collected [but was] manipulated and fabricated by the defendant[s]." (*Id.* ¶¶ 64–65.) Schenectady Defendants and Niskayuna Defendants suggest, and

---

[8] Plaintiff alleges that he and his vehicle were searched and his property was seized without a warrant during the May 2019 vehicle stop; that he was arrested without a warrant; and that his residence was searched without a warrant after his arrest; but he has not challenged the lawfulness of any of those actions. (Dkt. No. 32–36, 56.) The only allegation that could be construed as challenging the constitutionality of any of these searches is a single conclusory statement in Plaintiff's due process cause of action that Defendants did not have probable cause "to seize or confiscate plaintiff's vehicle or property." (*Id.* ¶ 61.) The complaint is otherwise bereft of any allegations supporting a contention that the actions of any Defendant violated the Fourth Amendment. *See Thomas v. Town of Lloyd*, No. 21-cv-1358, 2022 WL 1747650, at *6, 2022 U.S. Dist. LEXIS 96282, at *15 (N.D.N.Y. May 31, 2022) (holding that "purely speculative" allegations of Fourth Amendment violations "cannot survive"). Nor does Plaintiff identify which Defendants, if any, actually searched his residence. Accordingly, to the extent Plaintiff challenges the constitutionality of the search and seizure of Plaintiff and his vehicle during the vehicle stop in May 2019 or the subsequent search of his residence, such a claim is dismissed without prejudice and with leave to amend.

the Court agrees, that these allegations amount to a failure to investigate claim. (Dkt. No. 8-1, at 8–11; Dkt. No. 25-1, at 13–15.)

"[T]here is no constitutional right to an adequate investigation." *Buari v. City of N.Y.*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) (quoting *Newton v. City of N.Y.*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008)). Accordingly, "[a] police officer's failure to pursue a particular investigative path is not a constitutional violation." *Id.* (quoting *Schweitzer v. Brunstein*, No. 16-cv-1172, 2016 WL 4203482, at *2, 2016 U.S. Dist. LEXIS 104838, at *3 (E.D.N.Y. Aug. 9, 2016). Nor does an individual have a constitutional right to bring criminal charges against another individual. *See Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316–17 (W.D.N.Y. 2004) (first citing *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); and then citing *Yale Auto Parts v. Johnson*, 758 F.2d 54, 61 (2d Cir. 1985)).

Because there is no constitutional right to an investigation, Plaintiff's claim that Defendants violated his right to due process by inadequately investigating his complaints and failing to criminally charge any of the alleged wrongdoers is baseless. Accordingly, Plaintiff's denial of due process and equal protection of the law claim is dismissed.[9]

### D.    Municipal Liability for Deliberate Indifference

Plaintiff alleges that Defendants Town of Niskayuna Police Department, City of Schenectady Police Department, and Town of Rotterdam Police Department are subject to municipal liability for deliberate indifference. (Dkt. No. 1, ¶¶ 68–73.) Each of these Defendants asserts (1) that Plaintiff has failed to identify any custom or policy of any Defendant, let alone an

---

[9] Plaintiff twice notes that he is "a black man." (Dkt. No. 1, ¶¶ 2, 9.) However, Plaintiff never alleges, as he must to adequately plead a denial of equal protection claim arising from a failure to investigate, *see Walker v. Shepard*, 107 F. Supp. 2d 183, 186 (N.D.N.Y. 2000) (first citing *Hayden v. County of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999); and then citing *Washington v. Davis*, 426 U.S. 229, 243–44 (1976)), that any Defendant intentionally discriminated against him or was otherwise motivated by a discriminatory purpose. Accordingly, to the extent Plaintiff attempts to raise an equal protection racial discrimination claim based on the alleged investigative failures, that claim is also dismissed.

allegedly problematic one, and (2) even if Plaintiff has identified a custom or policy of any Defendant, Plaintiff has failed to adequately allege that such a custom or policy caused Plaintiff's alleged constitutional injury. (Dkt. No. 8-1, at 14; Dkt. No. 22-1, at 8–9; Dkt. No. 25-1, at 12–13.)

"To establish liability under *Monell*, a plaintiff must show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." *Bellamy v. City of N.Y.*, 914 F.3d 727, 756 (2d Cir. 2019). Where a plaintiff fails to establish an underlying constitutional violation, a court need not consider claims of municipal liability under *Monell*. *See Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006).

Here, Plaintiff has not adequately pleaded the violation of any of his constitutional rights that could provide the basis for a municipal liability claim under *Monell*. Accordingly, Plaintiff's municipal liability claim arising from deliberate indifference is dismissed.

### E. Conspiracy

Plaintiff alleges that all Defendants "acted jointly and in concert and in conspiracy to deprive plaintiff (i) access to the courts; (ii) right to his property; (iii) due process of law; and (iv) the equal protection under the law." (Dkt. No. 1, ¶ 75.) Schenectady Defendants, relying inappositely on 42 U.S.C. § 1985, contend that Plaintiff has failed to allege the existence of an agreement between a Schenectady Defendant and any other Defendant or any actions taken in furtherance of the alleged conspiracy. (Dkt. No. 8-1, at 11–12.) Rotterdam Defendants, also relying on § 1985, argue that Plaintiff's "conclusory allegations" do not support a claim "that any Defendants acted in concert" or that any Rotterdam Defendant acted in furtherance of the alleged conspiracy. (Dkt. No. 22-1, at 9.) Niskayuna Defendants, relying correctly on § 1983, assert that Plaintiff "provides no factual detail to support a conspiracy cause of action against" any Niskayuna Defendant. (Dkt. No. 25-1, at 19.)

A conspiracy claim under § 1983 must allege that an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury and that an overt act was committed in furtherance of that goal. *Ciambriello*, 292 F.3d at 324-25. Vague and conclusory allegations that defendants have engaged in a conspiracy are insufficient to state a plausible claim. *See id.* at 325; *see also Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (holding that to maintain a conspiracy action, a plaintiff "must provide some factual basis supporting a meeting of the minds"). "[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be 'enough to raise a right to relief above the speculative level.'" *Flores v. Levy*, No. 07-cv-3753, 2008 WL 4394681, at *9, 2008 U.S. Dist. LEXIS 72328, at *26 (E.D.N.Y. Sept. 23, 2008) (quoting *Twombly*, 550 U.S. at 554). A plaintiff must also allege "an actual violation of constitutional rights." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *see also Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009); *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001).

Here, Plaintiff has not adequately pleaded the violation of any of his constitutional rights that could provide the basis for a § 1983 conspiracy claim. Accordingly, his conspiracy claim is dismissed.

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants City of Schenectady Police Department and Brandan Kietlinski's motion to dismiss, (Dkt. No. 8), is **GRANTED**; and it is further

**ORDERED** that Defendants Town of Rotterdam Police Department, Connor Lee, and Sean Simmons's motion to dismiss, (Dkt. No. 22), is **GRANTED**; and it is further

**ORDERED** that Defendants Town of Niskayuna Police Department, Paul Hobson, Jackson Archambault, Mark Florell, and Francis Wall's motion to dismiss, (Dkt. No. 25), is **GRANTED**; and it is further

**ORDERED** that all claims raised in Plaintiff's complaint, (Dkt. No. 1), are **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED** that any amended complaint must be filed within thirty days of the date of this Order.

**IT IS SO ORDERED.**

Dated: January 9, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge